the following opinion of the Court was pronounced :
u The Court (not deciding any other point occurring jn this cause) is of opinion, that the action did not lie against the present appellant; the principle being, that, in case of a mere assignment of a lease, the assignor is not liable to restore the purchase money, in case of eviction; and especially in this case, where the lessor’s representatives have not been previously resorted to, or shown to be insolvent,* and in which, also, no special agreement for the assignor’s responsibility has been entered into, although'the liability of the land to eviction and sale seems, from the verdict, to have been in the contemplation of both the parties. On this ground, the judgment is to be reversed, and entered for the. appellant ”

 Note. That an action of covenant lies,, at the common law, by the assignee of the lessee, against the lessor, or the grantee of the reversion, in respect of the privity of estate. See 5 Co. Rep. 17. a. Spencer's case. For the same reason, of privity of estate, the lessor may have debt or covenant, for rent, or for not repairing, &c. against the assignee of the term, at common law. 3 Co. Rep. 22. b. Walker's case. See, also, 1 Saunders, 241. notes (5.) and (6.); Holford v. Hatch, Doug. 182—186; Palmer v. Edwards, Ib. 186. note (59.) But if a term be assigned by way of mortgage, with a clause of redemption, the lessor cannot sue the mortgagee, as assignee of all the estate,' right, title, interest, &c., of the mortgagor, even after the mortgage has been forfeited ; unless the mortgagee has taken actual possession. Eaton v. Jaques, Doug. 454. And if the assignee of a term assign all his estate, right, &c., to another, without fraud, he is thereby discharged from all responsibility to the lessor; (Walker v. Reeves, Doug. 461. note (1.) Chancellor v. Poole, Ibid. 764; Taylor v. Shum, 1 Bos. & Pull. 21.;) if he show that the lessor had notice of the assignment, and that there was nothing due pt the time of the assignment. 3 Salk. 48.